## KILGORE v. HAIR.

1. A receiver may be appointed at chambers.
2. The master of the court should not be appointed a receiver in any case.

Before WITHERSPOON, J., Newberry, February, 1883.

Action by A. J. Kilgore against J. S. Hair, commenced in February, 1883. The opinion states the case.

*Mr. Y. J. Pope,* for appellant.

*Messrs. Moorman & Simkins,* contra.

July 3d, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This is an action to recover possession of a tract of land situate in Newberry county, as well as damages for its detention. A judgment enjoining the defendant from any further use or occupancy of the land, and for the appointment of a receiver, is also demanded.

The trial of the cause upon its merit has not been had, but an order has been obtained at chambers from Judge Witherspoon, after notice that an application would be made to him "for the appointment of a receiver to take possession of the property described, and to manage the same according to law," directing Silas Johnstone, the master for Newberry county, to rent the land for the present year to the highest bidder for cash, and in case that the matters in dispute shall not be finally adjudicated by the end of this year, then to rent the land for the year 1884 upon the same terms; and further, that the defendant, J. S. Hair, or any other person that may be in possession at the time of renting, be required to vacate said premises and deliver the possession thereof to whomsoever may rent them from the master, as provided therein.

The appeal arises upon this order, the defendant having excepted as follows: 1. "Because said order was granted at chambers without the consent and against the protest of the said John S. Hair. 2. Because the said order was granted at chambers upon a notice to show cause why a receiver should not be appointed to take charge of the property in controversy. 3. Because said order was contrary to law. 4. Because the plaintiff was not entitled to said order from the presiding judge under the pleadings in this action."

We do not propose to inquire into or express any opinion as to the merits of the controversy, or as to rights of the parties respectively to the land in dispute. The order of the Circuit judge appointing the receiver is the only matter before us, and the questions raised are, first, whether such motion could be heard at chambers; and, second, whether the master should have been appointed.

The first may be dismissed by a simple reference to section 265 of the code, which provides that a receiver " may be appointed by a judge of the Circuit Court either in or out of court ;" so that if there was nothing else in the way except this objection, the order below should be affirmed without delay.

The more serious matter, however, is the fact that the master has been appointed. We must assume that the purpose of the order was to appoint the master a receiver. The order was based on a notice that an application would be made for the appointment of a receiver, and it was issued in response to that application. Assuming, then, this to be the true interpretation of the order, we desire to take this occasion to say, that we cannot sanction the appointment of masters as receivers in such cases as this, nor in fact should a master be appointed in any case.

As to the one appointed here, the gentleman who so worthily fills the office of master for Newberry county, there certainly could be no objection in respect to his qualification. He is well known to the court, and we have no doubt that he would discharge the duties incident to the office of receiver faithfully and to the entire satisfaction of all parties interested ; but in our judgment it is contrary to the policy of the law, that a master should occupy such a position. His official duties as master are more or less in conflict or may become so with his duties as receiver ; certainly in the special case in which he may be appointed he could not act as master, if, in the progress of the case it became necessary for the court to have the aid of a master in adjusting his accounts, &c., &c.

We appreciate fully what was said in *Ex parte Fletcher,* 6 *Ves.* 427, on the subject. The court said : " Nor will a man be appointed receiver whose position may cause difficulty in administering justice. A master in chancery accordingly was disqualified from being appointed a receiver, because, being an officer whose duty it might be to pass upon the accounts and check the conduct of the receiver, his appointment was open to objection on very obvious grounds." So, too, in *Ex parte Pincke,* 2 *Mer.* 452, it was said : " The same reason which disqualifies a master applies with equal force to one who acts as solicitor under a commission of lunacy." See also *Kerr Rec.* 130.

The master is an officer of the court, whose duties require his constant attendance thereon. He is frequently 'called upon to prepare cases for the consideration of the court, and his presence at all times is necessary. To permit him to assume the duties of receiver, might not only call him from his office, but in many cases would deprive the court of that aid and assistance which sometimes is so necessary in ascertaining the facts of a case, and which, on account of his experience and knowledge of parties and witnesses, he is so well qualified to give. If he can be appointed in one case, why not in every case? and, if so, this would in effect destroy the office of master.

We think the practice is a bad one, and we avail ourselves of this case to express our disapprobation of such appointments. Besides, it is by no means certain that the bond of the master, as master, would cover his liabilities, if any, as receiver. It is true we have found no direct authority in this State forbidding the appointment of a master as receiver, but our judgment is supported by analogy derived from the action of the court in other matters. In *Ex parte Hunter, Rice Ch.* 293, the court declined to sanction the appointment of a husband as trustee of the wife's property. The position taken there will apply to some extent to the question now under consideration.

As we have already said, we do not wish to be understood as passing any judgment upon the merits of this case, nor of indicating any opinion that this is not a proper case for the appointment of a receiver. This is left open so that the respondent may adopt such course as he may be advised.

It is the judgment of this court that the order of the Circuit Court be reversed.