March 30, 1903. The opinion of the Court was delivered by
In this action, C.S. Buist, the plaintiff, alleged the insolvency of the Merchants' and Planters' Bank, of Blackville, S.C. demanded the appointment of a receiver, that creditors be required to prove their demands, and that the Court administer the assets. The Court appointed John O'Gorman, receiver, and ordered him to sell certain real estate, the property of the bank, in order to distribute the proceeds among creditors. H.L. O'Bannon, master for Barnwell County, intervened and moved at chambers to stay the sale until a motion to revoke the order for sale by the receiver could be heard in open Court, on the ground that such sale could only be made by the master. The motion to stay the sale was refused without prejudice to the master's right to fees and commissions; this question being expressly reserved by consent of all parties. The master's right to fees and commissions; this question being expressly reserved by consent of all parties. The master's claim is based on the following provision of sec. 306 of the Code of Civil Procedure: "In those counties where the office of master exists, the master shall make all sales ordered by the Court in granting equitable relief, conformably to the practice of the Circuit Court, or to the practice of the courts of equity of this State before said courts were abolished." The Circuit Judge held that "this case does not fall under the provision of sec. 306 of the Code (Townsend), inasmuch as the property sold was already in the hands of the Court, and the sale was not ordered by the Court in granting equitable relief, but was merely for the purpose of realizing for the Court upon said property."
The master appeals, and his counsel argues that the position taken by the Circuit Judge cannot be sustained because the main purpose of this action was to obtain the equitable relief of having the assets of the insolvent corporation reduced *Page 489 
to money for distribution among creditors, and one of the measures necessary to that end was a sale of the lands; that the order of sale having been made, in granting the equitable relief asked in the complaint the sale should, under this statute, have been made by the master. The adoption of this view by the Court would lead to great inconvenience in the administration and disposition by the Court of property in its possession, because it would be unable to make any sale of property of any kind, such as merchandise, stocks, bonds, choses in action, c., of insolvent concerns either at public or private sale except through the master. It is often of great importance that such assets should be disposed of by a receiver appointed, because of his special knowledge of such assets. On the other hand, the management and sale of such property is not appropriate to the office of master, for the reasons stated in Kilgore v. Hair, 19 S.C. 488. Nevertheless, if the provision of the Code of Procedure above quoted stood alone, it would be difficult to answer appellant's argument. We think this section must be construed in connection with sec. 265, which provides: "A receiver may be appointed by a Judge of the Circuit Court, either in or out of Court (omitting subdivisions (1) and (2)). (3). After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied, and the judgment debtor refuses to apply his property in satisfaction of the judgment." In this case the Court appointed a receiver of the property because it was an insolvent corporation under subdivision 4 of sec. 265, and so took the manual possession and custody of the property, for the purpose of disposing of it and distributing the proceeds. The cause proceeded, and at last the Court made its judgment that the property it had taken charge of should be sold, some at public and some at private sale. If no receiver had been appointed until after this decree was made, it will hardly be disputed that under subdivision 3 of sec. 265, the Court could have disposed of the property by sale or *Page 490 
otherwise through the hand of a receiver appointed for that purpose after its judgment. The receiver having already been appointed under another provision of law, it certainly was not necessary for the Court to go through the form of removing him and appointing, after its decree, another receiver to make the sale. The receiver already appointed was in effect continued in office by the order directing him to sell, and such order was an exercise of the power given to the Circuit Court to dispose of property through a receiver after judgment.
Sections 306 and 265 must be construed together, and so construed, the meaning of the law is, that while as a general rule, sales ordered by the Court in granting equitable relief must be made by the master, in a case of this kind, the Circuit Court is not obliged to follow the general rule, and may order the assets disposed of through a receiver by sale or otherwise.
The judgment of this Court is, that the judgment of the Circuit Court be affirmed.
Submitted on printed Briefs. — R.